# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

**18 CV 9090**

BADISSE DAVID MEHMET,

    Plaintiff,

v.

STEVEN GAUTIER and 26 BNDO LLC,

    Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff BADISSE DAVID MEHMET ("Plaintiff") complains of Defendants STEVEN GAUTIER and 26 BNDO LLC as follows:

## NATURE OF ACTION

1. Pursuant to the Federal Rule of Civil Procedure 9(b), the Plaintiff alleges **FRAUD** against Defendant STEVEN GAUTIER ("Defendant Gautier") and Defendant 26 BNDO LLC ("Defendant LLC") who with intent and malice obtained a New York County Housing Court Judgement in the amount of $24,570.00 plus $25,000.00 in attorney fees ($49,570.00) against the Plaintiff by CONCEALMENT and FALSE STATEMENTS to that Court. That the Defendants engaged in a SCHEME TO DEFRAUD the Plaintiff that commenced on March 21, 2016 when the Plaintiff sold Defendant LLC his building.

## THE PARTIES

2. Plaintiff is a resident of the State of North Carolina at 3525 Dechart Lane, Raleigh, NC.

3. Defendant 26 Bndo LLC is a New York Corporation holding its principal place of business at 29 W. 26th Street, 6th Floor, New York, NY.

4. Upon information and belief, Defendant Steven Gautier is a New York resident and the Vice President of Winther Investment, Inc, the General Partner of West Village Apartments, LP who is the sole member of 26 Bndo LLC.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. Sect 1332

6. Venue is proper in this Court under 28 U.S.C. Sect. 1391

## MATERIAL FACTS

7. On March 21, 2016, the Plaintiff sold his RENT STABALIZED building located at 26 Bond Street, New York, NY to Defendant LLC ("closing").

8. That during the closing, Defendant Gautier represented Defendant LCC and signed all the closing papers and issued payment to purchase Plaintiff's building.

9. **That during the closing, Defendant Gautier took the Plaintiff and the Plaintiff's wife into a private office and had them sign a document releasing their rights in an over-lease and sub-lease for LOFT #4 within the Plaintiff's building. In that private office, Defendant Gautier told the Plaintiff and his wife that he was paying a lot of money for the building and he did NOT want the Plaintiff and his wife to have any rights in the building after the sale and that is why he was having them sign a document releasing their rights to the over-lease and sub-lease ("release document").**

10. That the Defendant Gautier, feared that the Plaintiff and the Plaintiff's wife would gain RENT STABILIZED tenant rights in the rent stabilized building after the closing. Thus, he had them sign a release of the over-lease and sub-lease at the closing.

11. That Defendant Gautier took the release document and NEVER provided a copy of that document to the Plaintiff and to the Plaintiff's wife. The Plaintiff and the Plaintiff's wife, not being representing by counsel within that private office and having trust in Defendant Gautier, did NOT obtain a copy of that document.

12. That after the sale of Plaintiff's building, the Defendants NEVER had any further communications with the Plaintiff and the Plaintiff's wife for almost TWO YEARS. Nor did the Defendants send the Plaintiff or the Plaintiff's wife any notices that they were still liable for the over-lease and sub-lease for Loft #4. Nor did the Defendants send the Plaintiff and his wife any rent demands or notices that the sub-tenants were failing to pay rent because it was agreed in writing at the closing that the Plaintiff and his wife released their rights to the over-lease and sub-lease to Loft #4 and the Plaintiff and the Plaintiff's wife were NOT the tenants of Defendant LLC.[1]

13. That the Defendants allowed the sub-tenants to remain in Loft #4 from *March 21, 2016 (Building sale date) to June 13, 2017* (Over 1 year and 2 months) collecting rent from the sub-tenants, communicating directly with the sub-tenants, and allowing the sub-tenants for some time to remain in Loft #4 without paying rent.

14. That the Defendants FAILED to file for an eviction against the occupants of Loft #4 within a REASONABLE amount of time to mitigate damages. The Defendants further FAILED to take advantage of clause 7 of the sub-lease extension dated September 30, 2016 that gave

---

[1] One requirement prior to filing in New York Housing Court and to obtain a judgement is to send a rent demand to the Plaintiff. Thus, upon information and belief, the Defendants made further false statements to the New York Housing Court that they served a rent demand on the Plaintiff for the purpose of DECEIVING that court and harming the Plaintiff.

Defendant LLC the right to evict the sub-tenants with a 60 day notice after the March 21, 2016 closing.

**Lease Extension Clause 7 dated Sept. 30, 2016:**

**"Furthermore, upon the sale of the building, the Under-Tenants agree to vacate Unit 4 within a 60 day period upon receipt of a written 60 day notice to vacate by the new building owner if such new owner chooses to have Unit 4 Vacated"**

15. That after TEN MONTHS from the closing and without the Plaintiff's knowledge, the Defendant LLC FRAUDULENTLY filed a non-payment of rent action within the New York County Housing court and obtained a Judgement against the Plaintiff in the amount of $24,570.00 including $25,000.00 in attorney fees based on Defendant Gautier's CONCEALMENT of the release document and his FALSE STAEMENTS to that court that the Plaintiff and the Plaintiff's wife were still liable for the over-lease and the sub-lease when they were NOT for the sole purpose of having a defendant with deep pockets.[2]

16. **That Defendant Gautier engaged in a SCHEME TO DEFRAUD the Plaintiff and the Plaintiff's wife at the March 21, 2016 closing when Defendant Gautier took them into a private office during the closing without their attorney and had them sign the release document away from other witnesses. In other words, Defendant Gautier's intention was to hold the Plaintiff and the Plaintiff's wife liable if the sub-tenants did NOT pay the rent after the closing BUT also to protect himself from any tenancy claims by the Plaintiff and the Plaintiff's wife after the closing.**

17. **THUS, Defendant Gautier needed to isolate the Plaintiff and the Plaintiff's wife from other witnesses who could attest to the existence of the release document. In**

---

[2] The Plaintiff and his wife were NEVER served with the Defendant LLC's Housing Court Petition and a default judgement was entered against them.

furtherance of his scheme to defraud, Defendant Gautier never served the Plaintiff and the Plaintiff's wife with any rent demands, the Court Petition or Judgement in fear they may claim tenancy rights in Loft #4. And though the sub-tenants owed thousands of dollars in rent prior to the expiration of the sub-lease, the Defendant LLC only filed the Housing Court action after the sub-lease expired so not to risk any tenancy claims by the Plaintiff and the Plaintiff's wife in Loft #4 during the pendency of that action. The Defendants then **CONCEALED** the release document and made false statements to the New York Housing Court to obtain a money Judgement against the Plaintiff and cause him additional damages.

Defendant Gautier sitting in the middle and left side of the table took the Plaintiff and the Plaintiff's wife into a private office to isolate them away from the other persons in the room who could attest to the existence of the release document during the closing.



## FIRST CLAIM FOR RELIEF
### (FRAUD)

18. That the Defendants did intentionally and maliciously CONCEAL the release document from the New York County Housing Court for the purpose of obtaining a money Judgement against the Plaintiff in the amount of $24,570.00 including attorney fees of $25,000.00 and causing the Plaintiff further harm. And if that release document was NOT concealed by the Defendants, Defendant LLC would have NOT received any money Judgement against the Plaintiff nor would have the Plaintiff suffered further damages.

19. That the Defendants did with intent and malice make FALSE STAEMENTS to the New York County Housing Court for the purpose of obtaining a money Judgement against the Plaintiff in the amount of $24,570.00 including attorney fees of $25,000.00 and to further harm the Plaintiff. And if said false statements were NOT made to that Court by the Defendants, Defendant LLC would have NOT received any money Judgement against the Plaintiff nor would have the Plaintiff suffered further damages.

20. That the Defendants with intent and malice engaged in the above conduct to DECEIVE the New York County Housing Court for the purpose of obtaining a money Judgement against the Plaintiff and to cause the Plaintiff to suffer further damages.

21. That the Defendants conduct above DID DECEIVE the New York County Housing Court and caused that Court to issue a money judgement against the Plaintiff in the amount of $24,570.00 including attorney fees of $25,000.00 and caused the Plaintiff to suffer further damages.

22. That the Defendants intentional and malicious conduct was part of a SCHEME TO DEFRAUD which did SEVERELY HARM the Plaintiff.

23.     That due to the Defendants CONTINUED INTENTIONAL AND MALICIOUS CONDUCT, the Plaintiff's damages are CONTINUING, and a final total damage amount is DIFFICULT to be determined at this time.

## SECOND CLAIM FOR RELIEF
(NEGLIGENCE)

24.     That if Plaintiff is found liable under the over-lease and sub-lease, Defendant LLC owed a legal duty to the Plaintiff to serve him with a rent demand notice for Loft #4 which would have allowed the Plaintiff to mitigate his damages and completely eliminated the $25,000.00 attorney fees.

25.     That Defendant LLC owed the Plaintiff a legal duty to serve the Plaintiff with a 30 day non-payment notice prior to filing a non-payment action within the New York County Housing Court.

26.     That Defendant LLC owed the Plaintiff a legal duty to serve the Plaintiff with the New York County Housing Court Petition prior to obtaining a default judgement against the Plaintiff.

27.     That Defendant LLC owed the Plaintiff a legal duty to serve the Plaintiff with the New York County Housing Court judgement.

28.     That Defendant LLC did with intent and malice breach its legal duty owed to the Plaintiff by failing to serve the Plaintiff with any rent demand notices, the Housing Court Petition and the judgement for the purpose of depriving the Plaintiff of mitigating his damages and to prevent him from claiming tenancy rights within Loft #4.

29.     But for the Defendant LLC's breach of its legal the duty owed to the Plaintiff, the Plaintiff has been damaged in the amount of $49,570.00 including other damages which are CONTINUING.

**WHEREFORE**, Plaintiff respectfully requests a judgement against the Defendants and in favor of the Plaintiff for NOMINAL DAMAGES of $1.00, COMPENSATORY damages in the amount of $212.00 plus $49,570.00, and EXEMPLARY damages on the fraud cause of action in the amount of $250,000.00, and for such other and further relief as this Court deems just and proper.

## PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that : (1) the complaint is not being presented for an improper purpose (Such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a non frivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11. I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case (I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically).

Dated: October 1, 2018

_____
Badisse David Mehmet
3525 Dechart Lane
Raleigh, NC. 27616
(646) 260-3614
dvd.mehmet@gmail.com


STEVEN GAUTIER
DEFENDANT
29 West 26th Street, 6th Fl.
New York, NY 10010

BNDO LLC
DEFENDANT
29 West 26th Street, 6th Fl.
New York, NY 10010

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BADISSE DAVID MEHMET, ) | |
| ) | |
| Plaintiff, ) | _____CV_____ |
| ) | |
| v. ) | |
| ) | **18 CV 9090** |
| STEVEN GAUTIER and 26 BNDO LLC, ) | |
| ) | |
| Defendants. ) | |

## SUMMONS IN A CIVIL ACTION

TO:

STEVEN GAUTIER                      BNDO LLC
Defendant                                    Defendant
29 West 26th Street, 6th Fl.        29 West 26th Street, 6th Fl.
New York, NY 10010                 New York, NY 10010

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you receive it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P, 12(a)(2) or (3) – you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Badisse David Mehmet, 3525 Dechart Lane, Raleigh, NC 27616.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Dated: _____          _____
                                                         Signature of Clerk or Deputy Clerk

JS 44C/SDNY
REV. 06/01/17

OCT 0 2 2018

Case 1:18-cv-09090-VSB   Document 1   Filed 10/02/18   Page 10 of 11

CIVIL COVER SHEET

18 CV 9090

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS: Badisse David Mehmet

DEFENDANTS: Steven Gautier and BNDO'LLC 2018 OCT -2 PM 3:49

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
3525 DeChart Lane (646) 260-3614
Raleigh, NC 27616

ATTORNEYS (IF KNOWN): N/A

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No [X] Yes [ ]   Judge Previously Assigned

If yes, was this case Vol. [ ] Invol. [ ] Dismissed. No [ ] Yes [ ]  If yes, give date _____ & Case No. _____

IS THIS AN INTERNATIONAL ARBITRATION CASE?   No [X]   Yes [ ]

(PLACE AN [x] IN ONE BOX ONLY)                NATURE OF SUIT

TORTS                                                                                          ACTIONS UNDER STATUTES

CONTRACT
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

PERSONAL INJURY
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[X] 360 OTHER PERSONAL INJURY
[ ] 362 PERSONAL INJURY - MED MALPRACTICE

PERSONAL INJURY
[ ] 367 HEALTHCARE/PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

PERSONAL PROPERTY
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

PRISONER PETITIONS
[ ] 463 ALIEN DETAINEE
[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER

FORFEITURE/PENALTY
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 690 OTHER

PROPERTY RIGHTS
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION
[ ] 840 TRADEMARK

LABOR
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 740 RAILWAY LABOR ACT
[ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA)
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT (ERISA)

IMMIGRATION
[ ] 462 NATURALIZATION APPLICATION
[ ] 465 OTHER IMMIGRATION ACTIONS

BANKRUPTCY
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

SOCIAL SECURITY
[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

FEDERAL TAX SUITS
[ ] 870 TAXES (U.S. Plaintiff or Defendant)
[ ] 871 IRS-THIRD PARTY 26 USC 7609

ACTIONS UNDER STATUTES

CIVIL RIGHTS
[ ] 440 OTHER CIVIL RIGHTS (Non-Prisoner)
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING/ACCOMMODATIONS
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 448 EDUCATION

PRISONER CIVIL RIGHTS
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION
[ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT

OTHER STATUTES
[ ] 375 FALSE CLAIMS
[ ] 376 QUI TAM
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 850 SECURITIES/COMMODITIES/EXCHANGE
[ ] 890 OTHER STATUTORY ACTIONS
[ ] 891 AGRICULTURAL ACTS
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 896 ARBITRATION
[ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OF APPEAL OF AGENCY DECISIO
[ ] 950 CONSTITUTIONALITY O STATE STATUTES

REAL PROPERTY
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

Check if demanded in complaint:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____ OTHER _____ JUDGE _____ DOCKET NUMBER _____

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y. AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE: N/A

Check YES only if demanded in complaint
JURY DEMAND: [X] YES [ ] NO

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32)

(PLACE AN x IN ONE BOX ONLY)     **ORIGIN**

[x] 1 Original Proceeding
[ ] 2 Removed from State Court
    [ ] a. all parties represented
    [ ] b. At least one party is pro se.
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from (Specify District)
[ ] 6 Multidistrict Litigation (Transferred)
[ ] 7 Appeal to District Judge from Magistrate Judge
[ ] 8 Multidistrict Litigation (Direct File)

(PLACE AN x IN ONE BOX ONLY)    **BASIS OF JURISDICTION**    *IF DIVERSITY, INDICATE CITIZENSHIP BELOW.*

[ ] 1 U.S. PLAINTIFF    [ ] 2 U.S. DEFENDANT    [ ] 3 FEDERAL QUESTION (U.S. NOT A PARTY)    [x] 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [x] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [x] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

3525 Dechart Lane
Raleigh, NC 27616

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

29 West 26th Street, Floor 6th
New York, NY 10010

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

**COURTHOUSE ASSIGNMENT**
I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one:    THIS ACTION SHOULD BE ASSIGNED TO:    [ ] WHITE PLAINS    [ ] MANHATTAN

DATE      SIGNATURE OF ATTORNEY OF RECORD      ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[ ] YES (DATE ADMITTED Mo. _____ Yr. _____)
RECEIPT #      Attorney Bar Code #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)