UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BADISSE DAVID MEHMET | : | **CASE NO.:  18-CV-9090 (VSB)** |
| | : | |
| Plaintiff, | : | |
| | : | |
| – v – | : | |
| | : | |
| STEVEN GAUTIER and 26 BNDO LLC | : | |
| | : | |
| Defendant. | : | |
| | : | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## TO DISMISS PURSUANT TO SECTIONS 12(b)(1), (5), and (6)
## OF THE FEDERAL RULES OF CIVIL PROCEDURE

Respectfully submitted,

GOLINO LAW GROUP, PLLC
Santo Golino, Esq. (6610)
46 Trinity Place, Third Floor
New York, New York   10006-2288
Tel:  (212) 344-9300

*Attorneys for Defendants Steven Gautier*
*and 26 BNDO LLC*

Santo Golino, Esq.
On the brief

# TABLE OF CONTENTS

page

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

PRELIMINARY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

   I.  PLAINTIFF FAILS TO MEET THE JURISDICTIONAL
      REQUISITE THEREBY MANDATING DISMISSAL
      OF THE COMPLAINT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

     A.  PLAINTIFF'S JURISDICTIONAL CLAIM. . . . . . . . . . . . . . . . . . . . . . . . . 4

       1.  Plaintiff Fraudulently Represents the
         New York Housing Court Judgment Component. . . . . . . . . . . . . . . . . . 5

       2.  Plaintiff Fraudulently Represents that legal fees
         were awarded in New York Housing Court
         Judgment Component. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

       3.  Plaintiff's Claim of Exemplary Damages
         Cannot Stand as an independent Cause of Action. . . . . . . . . . . . . . . . . 6

  II.  THE INSTANT COMPLAINT SHOULD BE DISMISSED
      PURSUANT TO FED. R. CIV. P. 12(B)(6) FOR FAILURE TO
      STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED. . . . . . . . . . . . . . . 8

       1.  A Cause of Action for Fraud Based
         on a Breach of Contract Does Not Lie. . . . . . . . . . . . . . . . . . . . . . . . . . . 8

       2.  Plaintiff's Second Claim For Relief is
         Barred By The Doctrine of Res Judicata. . . . . . . . . . . . . . . . . . . . . . . . . 10

  III.  THE COMPLAINT SHOULD BE DISMISSED
       AS AGAINST DEFENDANT GAUTIER
       BECAUSE HE IS THE AGENT OF DISCLOSED PRINCIPAL. . . . . . . . . . . . 13

IV.  THE COMPLAINT SHOULD BE
      DISMISSED FOR IMPROPER SERVICE................................. 15

      1.   Service Was Not Properly
           Effectuated As Against Defendant BNDO. ......................... 15

      2.   Service Was Not Properly
           Effectuated As Against Defendant Gautier........................... 17

CONCLUSION............................................................ 18

iii

# TABLE OF AUTHORITIES

page

Cases

*Am. Mut. Liab. Ins. Co. v. Campbell Lumber Mfg. Corp.,* 329 F.Supp. 1283
(N.D. Ga. 1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Anthony v. Security Pacific Financial Services, Inc.,* 75 F.3d 311 (7th Cir. 1996). . . . . . . . . . . . 6

*Ashkir v. Wilson,* 1999 WL 710788 (SDNY Sep. 13, 1999).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Borg v. Feeley,* 56 Misc. 3d 128(A), 2017 NY Slip Op 50834(U), ¶¶ 1-2,
(N.Y. App. Term 1st 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Bradford Nat. Life Ins. Co. v. Union State Bank,* 794 F.Supp. 296 E.D.Wis.1992). . . . . . . . . . . 6

*Buell v. Sears, Roebuck & Co.,* 321 F.2d 468 (10th Cir. 1963). . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Canelle v. Russian Tea Room Realty LLC,* 2002 WL 287750 (SDNY Feb. 27, 2002). . . . . . . . . 15

*Chase Manhattan Bank, N.A v. Am. Nat. Bank & Trust Co. of Chicago,* 93 F.3d 1064
(2nd Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Crimmins v Handler & Co.,* 249 A.D.2d 89, 671 N.Y.S.2d 469 (1st Dept. 1998). . . . . . . . . . . . 14

*Donato v. Parillo,* 278 F.Supp. 892 (SDNY 1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Elfand v. Widman,* 284 F.Supp. 498 (SDNY 1968). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Enza, Inc. v. We The People, Inc.,* 838 F.Supp. 975 (E.D.Pa. 1993). . . . . . . . . . . . . . . . . . . . . . . 5

*Excelsior Capital, LLC v. Allen,* 536 F. App'x 58 (2nd Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . 7

*Freeland v. Liberty Mut. Fire Ins. Co.,* 632 F.3d 250 (6th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . 6

*Giordano v. Radio Corporation of America,* 183 F.2d 558 (3rd Cir. 1950). . . . . . . . . . . . . . . . . . 8

*Gramatan Home Investors Corp. v. Lopez,* 46 N.Y.2d 481, 386 N.E.2d 1328,
414 N.Y.S.2d 308 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Iglesias v. Mutual Life Ins. Co. of New York,* 918 F.Supp. 31 (D.Puerto Rico 1996). . . . . . . . . . 8

iv

*Janzen v. Goos,* 302 F.2d 421 (8th Cir. 1962). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Jones v. Landry,* 387 F.2d 102 (5th Cir. 1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*McSparran v. Weist,* 402 F.2d 867 (3rd Cir. 1968), certiorari denied 89 S.Ct. 1739,
395 U.S. 903, 23 L.Ed.2d 217. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Moore v. Betit,* 511 F.2d 1004 (2nd Cir. 1975). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Pace v. Perk,* 81 A.D.2d 444, 440 N.Y.S.2d 710 (2nd Dept. 1981). . . . . . . . . . . . . . . . . . . . . 13

*Paganuzzi v. Primrose Management Company,* 268 A.D.2d 213, 701 N.Y.S.2d 350
(1st Dept. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . )13

*Park v YMCA of Greater N.Y. Flushing,* 17 A.D.3d 333, 791 N.Y.S.2d 848
(2nd Dept. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*People v. Lo Cicero,* 14 N.Y.2d 374, 251 N.Y.S.2d 953, 200 N.E.2d 622 (1964). . . . . . . . . . . 12

*Pesca v. Barbera Homes, Inc,* 35 Misc.3d 747, 942 N.Y.S.2d 313
(Sup. Ct., Albany County 2012).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Plotch v. Dellis,* 60 Misc.3d 1, 75 N.Y.S.3d 779 (N.Y. App. Term 2nd 2018). . . . . . . . . . . . . . 10

*Ramirez v. Knox,* 330 F.Supp. 687 (SDNY 1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Randi A.J. v Long Is. Surgi-Ctr.,* 46 A.D.3d 74, 842 N.Y.S.2d 558 (2nd Dept. 2007). . . . . . . . . . 7

*Ripley v. Storer,* 309 NY 506, 132 N.E.2d 87 (1956). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Rocanova v Equitable Life Assur Socy. of U.S.,* 83 N.Y.2d 603, 634 N.E.2d 940,
612 N.Y.S.2d 339 (1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Savoy Record Company, Inc. v. Cardinal Export Corp.,* 15 N.Y.2d 1, 203 N.E.2d 206,
254 N.Y.S.2d 521 (1964). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Schwartz v. Public Administrator,* 24 N.Y.2d 65, 246 N.E.2d 725, 298 N.Y.S.2d 955 (1969). . 12

*Southwest Airlines Co. v. Texas Intern. Airlines, Inc.,* 546 F.2d 84 (5th Cir. 1977). . . . . . . . . . . 11

*Stokes v. Lusker,* 2009 WL 612336  (SDNY Mar. 4, 2009). . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

*Tiffany at Westbury Condominium by its Board of Managers, et al., v. Marelli Development*

v

*Corp., et al,,* 40 A.D.3d 1073, 840 N.Y.S.2d 74 (2nd Dept 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Tongkook Am. Inc. v Shipton Sportswear Co.,* 14 F.3d 781 (2nd Cir. 1994). . . . . . . . . . . . . . . . . 4

*Trust Co. of Chicago v. Pennsylvania R. Co.,* 183 F.2d 640 (7th Cir. 1950). . . . . . . . . . . . . . . . . 5

*Weiner v. Greyhound Bus Lines,* 55 A.D.2d 189, 389 N.Y.S.2d 884 (2nd Dept. 1976). . . . . . . . . 12

*Wolgin v. Atlas United Financial Corp.,* 397 F.Supp. 1003 (E.D.Pa. 1975), affirmed
530 F.2d 963 & 966 (3rd Cir. 1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Yong Wen Mo v Gee Ming Chan,* 17 A.D.3d 356, 792 N.Y.S.2d 589 (2nd Dept. 2005). . . . . . . . . 7

## PRELIMINARY STATEMENT

Steven Gautier (hereinafter, individually, "Defendant Gautier") and 26 BNDO LLC (hereinafter, individually, "Defendant BNDO") (defendants hereinafter, collectively, "Defendants") submit this Memorandum of Law in support of their motion pursuant to Federal Rules of Civil Procedure (hereinafter "Fed. R. Civ. P.") 12(b)(1), (5), and (6) to dismiss the Complaint on the grounds that (i) this Honorable Court lacks subject-matter jurisdiction, (ii) the Complaint fails to state a claim for which relief can be granted, (iii) Res Judicata and (iv) service of process on the Defendants was not sufficient.

Defendants also respectfully submit the Affirmation of Santo Golino, dated and affirmed on December 21, 2018 in support of its motion.

## STATEMENT OF FACTS

Plaintiff alleges that he was damaged by the amount of $49,570.00 by virtue of that fact that a money judgment for $24,570.00 for rent and a money judgement of $25,000.00 for legal fees were fraudulently or negligently entered in Housing Court. In order to reach the court's threshold of $75,000, Plaintiff also alleges that exemplary damages should be awarded. (A copy of the Complaint is annexed as EXHIBIT A).

Plaintiff has not suffered any damages because the money judgment of $24,570.00 was vacated on October 11, 2018 and Defendants were not ever awarded any attorneys fees.

Defendant BNDO purchased 26 Bond Street, New York, NY ("Subject Premises") on March 21, 2016 (See Deed annexed as EXHIBIT B) from 26 Bond Street Management LLC. Plaintiff is the President of 26 Bond Street Management LLC for $10,800,000.00 (See EXHIBIT B).

Prior thereto, in September 2013 Plaintiff, acting on behalf of 26 Bond Street

1

Management LLC, leased Apartment 4 ("Subject Apartment") to himself and his former wife Kheira Mehmet individually pursuant to a written lease.

Thereafter, Plaintiff sub-leased the Subject Apartment to Summer Rej, Joy Cioci, Daniel Way, Hayley Mitchell pursuant to three successive written sub-lease agreements, the last of which expired on September 30, 2016. Plaintiff's subtenants continued in possession of the Subject Apartment.

A summary eviction proceeding for non-payment of rent was commenced in Housing Court in January 2017 naming Plaintiff and Kheira Mehmet, as the tenants of record, and naming sub-tenants Cioci and Wai as occupants, titled *26 BNDO LLC v. Mehmet, et al,* Index Number L&T 054874/17 (hereafter the "Housing Court proceeding"). Service of the Housing Court proceeding was made in accordance with New York Real Property Actions and Proceedings Law (hereinafter "RPAPL") §735.

Neither the Plaintiff nor Kheira Mehmet appeared in the Housing Court proceeding. Accordingly, the court entered a default judgment for possession and a monetary judgment in the sum of $24,570.00. No costs or attorneys fees were awarded (See Judgment annexed as EXHIBIT C).

Thereafter, on August 17, 2017 a City Marshal executed the warrant of eviction and legal possession of the Subject Apartment was delivered to 26 BNDO LLC.

On October 1, 2018 (a day before the instant Complaint was filed) Plaintiff filed and obtained an order to show cause in Housing Court to "vacate any judgment and dismiss the petition and for costs" and restoring the case to the calendar(See Order to Show Cause annexed as EXHIBIT D).

After argument on October 11, 2018, the Honorable Heela D. Capell granted the

2

motion to the extent of vacating only the money judgment for the sole reason that the Plaintiff was not personally served with the Notice of Petition an Petition (See October 11, 2018 decision annexed as EXHIBIT E) (See further discussion, *infra*).  The proceeding was not dismissed and the possessory judgment remains in full force and effect.

Plaintiff did not amend the Complaint prior to "service"[1] on or about December 3, 2018 herein to reflect that the Housing Court money judgment was vacated or to reflect that the actual judgment did not include any award of attorneys fees (See Complaint paragraphs 15, 18, 19, 21).

Subsequently, on December 3, 2018, almost two months after the only money judgment against Plaintiff was vacated he cause the instant complaint to be purportedly delivered to Defendants.  The instant complaint alleges two causes of action:  (1)  "fraud" based on a breach of contract and  (2)  negligence alleging the Defendant 26 BNDO LLC failed to serve Plaintiff with the Notice of Petition and Petition in the Housing Court Proceeding.

As a matter of law, the Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), (5), and (6) or, alternatively, striking the Second Claim for Relief pursuant to Fed. R. Civ. P. 12(f) based on the doctrine of Res Judicata or, alternatively, the Complaint should be dismissed for improper service.

## ARGUMENT

## I.   PLAINTIFF FAILS TO MEET THE JURISDICTIONAL REQUISITE THEREBY MANDATING DISMISSAL OF THE COMPLAINT

Plaintiff as the party invoking the Court's jurisdiction, has the burden of proof on this

---

[1]  Defendants contend service was improper for the reasons stated in Point IV, *infra.*

issue.  See *Chase Manhattan Bank, N.A v. Am. Nat. Bank & Trust Co. of Chicago,* 93 F.3d 1064, 11070 (2nd Cir. 1996).  Plaintiff's alleged damages are apparently grasped out of thin air.

Such grasping notwithstanding, the party invoking federal jurisdiction must show by a "reasonable probability" that the amount-in-controversy requirement is satisfied.  *Tongkook Am. Inc. v Shipton Sportswear Co.,* 14 F.3d 781, 784 (2nd Cir. 1994) quoting *Moore v. Betit,* 511 F.2d 1004, 1006 (2nd Cir. 1975).  As discussed, *infra,* Plaintiff  has not demonstrated either "good faith" or "reasonable probability" here.

Since the money judgment was vacated on October 11, 2018, almost two months before the complaint was "served", and since no judgment for attorneys fees was ever entered (See Exhibit C) the alleged claims are not within this Court's subject matter jurisdiction as a matter of law, and the Complaint herein should be dismissed.

A plaintiff's subjective belief, alone, cannot be the controlling factor where there is a "showing that, as a legal certainty, [the] plaintiff cannot recover the jurisdictional amount."  Id. at 785 (quoting *Am. Mut. Liab. Ins. Co. v. Campbell Lumber Mfg. Corp.,* 329 F.Supp. 1283, 1285 (N.D. Ga. 1971) citing *Jones v. Landry,* 387 F.2d 102 (5th Cir. 1967).  Here, subjective "good faith" alone does not control where it is apparent that, "to a legal certainty" the arbitrary amounts alleged in the Amended Complaint, without dates, invoices, or any proof whatsoever, do not pass muster.

Plaintiff cannot recover the requisite jurisdictional amount, and this case should be dismissed for want of subject matter jurisdiction.

## A.  PLAINTIFF'S JURISDICTIONAL CLAIM

Plaintiff's jurisdictional claim is based upon a purported New York Housing Court Judgment in the amounts of $24,570.00 plus an additional $25,000.00 in attorney's fees.  Mehmet

also seeks exemplary damages in the amount of $250,000.00.  Each of these claims fail as a matter of law.

### 1.   Plaintiff Fraudulently Represents the New York Housing Court Judgment Component

28 U.S.C.A. § 1332 Governs jurisdiction for Federal Court under the basis of diversity of citizenship.  The statute states:

> (a) The district courts shall have original jurisdiction of all civil actions **where the matter in controversy exceeds the sum or value of $75,000**, exclusive of interest and costs, and is between--
>
> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.  (*Emphasis added.*)

The Courts have held that this statute, including the jurisdictional monetary requirement is to be strictly construed.  See, *Ramirez v. Knox,* 330 F.Supp. 687 (SDNY 1971); *Enza, Inc. v. We The People, Inc.,* 838 F.Supp. 975 (E.D.Pa. 1993); *McSparran v. Weist,* 402 F.2d 867 (3rd Cir. 1968), certiorari denied 89 S.Ct. 1739, 395 U.S. 903, 23 L.Ed.2d 217 (1969);  see also *Buell v. Sears, Roebuck & Co.,* 321 F.2d 468 (10th Cir. 1963); *Janzen v. Goos,* 302 F.2d 421 (8th Cir. 1962); *Trust Co. of Chicago v. Pennsylvania R. Co.,* 183 F.2d 640 (7th Cir. 1950);  *Wolgin v. Atlas United Financial Corp.,* 397 F.Supp. 1003 (E.D.Pa. 1975), affirmed 530 F.2d 963 & 966 (3rd Cir. 1976).

In fact, so strict construed is the statute, that the courts have dismissed a proceeding when the damages totaled an even $75,000.00.  See *Freeland v. Liberty Mut. Fire Ins. Co.,* 632 F.3d 250 (6th Cir. 2011);   *Bradford Nat. Life Ins. Co. v. Union State Bank,* 794 F.Supp. 296 E.D.Wis.1992);  *Anthony v. Security Pacific Financial Services, Inc.,* 75 F.3d 311 (7th Cir. 1996); *Elfand v. Widman,* 284 F.Supp. 498 (SDNY 1968);  *Donato v. Parillo,* 278 F.Supp. 892 (SDNY 1967).

Here, the only purported damages suffered by the Plaintiff was the money judgment awarded in the Non-Payment Proceeding.  However, that money judgment was vacated by order of the Honorable Heela D. Capell on October 11, 2018, almost two months before the Complaint was served.

Therefore, since the judgment was vacated, the claim for damages of $24,570.00 cannot exist.  Plaintiff has not suffered nor has he shown any other damages he has suffered.

### 2.  Plaintiff Fraudulently Represents that legal fees were awarded in New York Housing Court Judgment Component

Plaintiff additionally fraudulently represents that 26 BNDO LLC was awarded $25,000.00 in legal fees as a result of the Housing Court Proceeding.  No such judgment was ever entered.  The judgment against Plaintiff was strictly in the amount of $24,750.00 (See EXHIBIT C).

As such, since there never had been an award for attorneys fee in any amount, let alone $25,000.00, and since the money judgment of $24,750.00 has been vacated the Plaintiff has failed to make a showing of any such damages.

### 3.  Plaintiff's Claim of Exemplary Damages Cannot Stand as an independent Cause of Action

The only remaining claim for damages is Plaintiff's claim for exemplary damages

seeking $250,000.00.

However, "New York does not recognize an independent cause of action for punitive damages." *Randi A.J. v Long Is. Surgi-Ctr.*, 46 A.D.3d 74, 80, 842 N.Y.S.2d 558, 564 (2nd Dept. 2007);  see also *Rocanova v Equitable Life Assur Socy. of U.S.,* 83 N.Y.2d 603, 616, 634 N.E.2d 940, 945-946, 612 N.Y.S.2d 339, 344-345 (1994); *Yong Wen Mo v Gee Ming Chan,* 17 A.D.3d 356, 359, 792 N.Y.S.2d 589, 591 (2nd Dept. 2005); *Park v YMCA of Greater N.Y. Flushing,* 17 A.D.3d 333, 333-334, 791 N.Y.S.2d 848, 848-845 (2nd Dept. 2005).

> "While a *viable* claim for damages generally avoids mootness of the action," *Cook v. Colgate Univ.,* 992 F.2d 17, 19 (2d Cir.1993) (*emphasis added*), **a request for punitive damages in New York is *nonviable* "absent a valid claim for compensatory damages**," *Hubbell v. Trans World Life Ins. Co. of N.Y.,* 50 N.Y.2d 899, 901, 430 N.Y.S.2d 589, 590, 408 N.E.2d 918 (1980) (holding punitive damages unavailable where *res judicata* barred underlying claim); accord *Prote Contracting Co. v. Bd. of Educ.,* 276 A.D.2d 309, 310, 714 N.Y.S.2d 36, 37–38 (1st Dep't 2000) (**directing vacatur of punitive damages award in light of claims' dismissal, even absent objection to award at trial, because to "allow the verdict on punitive damages to stand in the absence of a substantive cause of action ... would constitute fundamental error"**); *Omansky v. 64 N. Moore Assocs.,* 269 A.D.2d 336, 337, 703 N.Y.S.2d 471, 472 (1st Dep't 2000) (affirming dismissal of punitive damages request where "only cause of action on which such prayer was based ha[d] been dismissed for mootness"). As **the New York Court of Appeals has explained, a demand for punitive damages is not a freestanding claim; rather, it "is parasitic and possesses no viability absent its attachment to a substantive cause of action**...." *Rocanova v. Equitable Life Assurance Soc'y. of U.S.,* 83 N.Y.2d 603, 616, 612 N.Y.S.2d 339, 344–45, 634 N.E.2d 940 (1994) (directing dismissal of punitive damages request where underlying claims were barred by release).  (*Emphasis added.*)

*Excelsior Capital, LLC v. Allen,* 536 F. App'x 58, 60 (2nd Cir. 2013) (a copy attached hereto as EXHIBIT F).

So important is the $75,000.00 threshold that pursuant to 28 U.S.C.A. § 1332 (b), in the event the plaintiff who files the case  in the Federal court "is finally adjudged to be entitled to recover less than the sum or value of $75,000, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff."

Absent a showing of damages, the Court lacks Subject Matter Jurisdiction.  Where evidence failed to establish requisite jurisdictional amount so as to sustain federal jurisdiction, district court should have dismissed the complaint for want of jurisdiction, and upon remand from the court of appeals, such action would be directed.  *Giordano v. Radio Corporation of America,* 183 F.2d 558 (3rd Cir. 1950);  *Iglesias v. Mutual Life Ins. Co. of New York,* 918 F.Supp. 31 (D.Puerto Rico 1996).

Since the Housing Court Judgment of $24,570.00 was vacated and since there never was an award of $25,000.00 in legal fees to Defendants, and since New York does not recognize a cause of action for exemplary damages, the Court lacks subject matter jurisdiction of this matter.

## II.   THE INSTANT COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6) FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED

### 1.   A Cause of Action for Fraud Based on a Breach of Contract Does Not Lie

Plaintiff's "First Claim for Relief" is fraud based on a breach of contract.  Plaintiff alleges that during a closing, Defendant Gautier, acting on behalf of Defendant 26 BNDO LLC (Complaint para 8), took Plaintiff and Kheira Mehmet into a back office and forced him to execute a contract wherein Defendant 26 BNDO LLC released Plaintiff from his obligations under the lease

(Complaint paragraphs 9, 16, 17).[2]

        Plaintiff alleges that Defendants breached that contract by commencing the Housing

Court proceeding to seek a judgment for allegedly released claim and therefore, committed fraud by

concealing or failing to reveal its existence to the Housing Court.

        Regardless, this Court does not recognize a cause of action of fraud based on a breach

of contract.

> In order to state a cause of action for fraud, plaintiffs must allege a
> misrepresentation or concealment of a material fact, falsity, scienter,
> justifiable reliance on the deception, and resulting injury (*Lusins v.
> Cohen,* 49 A.D.3d 1015, 1017, 853 N.Y.S.2d 685 [3d Dept. 2008] ).
> **"A cause of action alleging fraud does not lie where the only
> fraud claim relates to a breach of contract"** (*Tiffany,* 40 A.D.3d at
> 1076, 840 N.Y.S.2d 74; *Kosowsky v. Willard Mtn., Inc.,* 90 A.D.3d
> 1127, 1129, 934 N.Y.S.2d 545 [3d Dept. 2011] ["a misrepresentation
> premised directly on the same actions giving rise to a breach of
> contract does not give rise to a separate cause of action for fraud"] ).
> (*Emphasis added.*)

*Pesca v. Barbera Homes, Inc,* 35 Misc.3d 747, 758, 942 N.Y.S.2d 313, 321 (Sup. Ct., Albany

County 2012).

> Contrary to the plaintiffs' further contention, the Supreme Court
> properly dismissed the second cause of action sounding in
> common-law fraud. **A cause of action alleging fraud does not lie
> where the only fraud claim relates to a breach of contract** (*see
> Ross v. DeLorenzo,* 28 A.D.3d 631, 636, 813 N.Y.S.2d 756; *WIT
> Holding Corp. v. Klein,* 282 A.D.2d 527, 528, 724 N.Y.S.2d 66;
> *Morgan v. Smith Corp.,* 265 A.D.2d 536, 697 N.Y.S.2d 152)

*Tiffany at Westbury Condominium by its Board of Managers, et al., v. Marelli Development

Corp., et al.,,* 40 A.D.3d 1073, 1076-1077, 840 N.Y.S.2d 74, 77-78 (2nd Dept 2007).

---

    [2] While Defendants deny any such release was executed, for the purposes of this pre-answer motion, the facts in the complaint are treated as if they are true.

Therefore, since the purported "fraud" here relates to a breach of contract, and since a cause of action does not lie for "fraud" based on a breach of contract, the claim fails to state a cause of action for which relief should be granted and same should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### 2. Plaintiff's Second Claim For Relief is Barred By The Doctrine of Res Judicata

Plaintiff's Second Claim For Relief is "negligence" alleging that Defendant 26 BNDO LLC owed a duty to serve Plaintiff with the rent demand and notice of petition and petition in the Housing Court Proceeding.

This argument has already been raised and decided by housing court in the Housing Court Proceeding. In his Order to Show cause to the Housing Court Proceeding, Plaintiff argued that he was not properly served with the Notice of Petition and Petition.

On October 11, 2018 after argument, the Housing Court only vacated the monetary portion of the judgment as to the Plaintiff because he was not *personally* served (See EXHIBIT E).[3]

However, the possessory portion of the judgment remained intact. Therefore, since the issue had already been argued and decided by the Housing Court it should be dismissed here under the doctrine of res judicata.

It is the rule in New York (and everywhere else) is that where parties have had a full

---

[3] The rule in Housing Court proceedings is that money judgments on default may only be entered when a Respondent is personally served with the Notice of Petition and Petition or when one of the other methods authorized under RPAPL §735 is made using the "due diligence" standard for service required under CPLR §308, as opposed to the permissible "reasonable application" standard under RPAPL §735 utilized in the Housing Court proceeding. *Plotch v. Dellis,* 60 Misc.3d 1, 3-4, 75 N.Y.S.3d 779, 780 (N.Y. App. Term 2nd 2018); *Borg v. Feeley,* 56 Misc. 3d 128(A), 2017 NY Slip Op 50834(U), ¶¶ 1-2, (N.Y. App. Term 1st 2017).

and fair opportunity to litigate an issue, and a Court of competent jurisdiction has ruled on that issue,

each party is collaterally estopped from seeking to have that issue determined by another Court.

*Gramatan Home Investors Corp. v. Lopez,* 46 N.Y.2d 481, 386 N.E.2d 1328, 414 N.Y.S.2d 308

(1979).  The New York State Court of Appeals held as follows:

> "Collateral estoppel, together with its related principles, merger and
> bar, is but a component of the broader doctrine of res judicata which
> holds that, as to the parties in a litigation and those in privity with
> them, a judgment on the merits by a court of competent jurisdiction
> is conclusive of the issues of fact and questions of law necessarily
> decided therein in any subsequent action."

Id. at 485, 386 N.E.2d at 1331, 414 N.Y.S.2d at 310-311.

The principle of collateral estoppel, so necessary to conserve judicial resources by

discouraging redundant litigation, is grounded on the premise that once a person has been afforded

a full and fair opportunity to litigate a particular issue, that person may not be permitted to do so

again.  Collateral estoppel is a corollary to the doctrine of res judicata; it permits in certain situations

the determination of an issue of fact or law raised in a subsequent action by reference to a previous

judgment on a different cause of action in which the same issue was necessarily raised and decided.

The various policy purposes underlying those doctrines were summarized in

*Southwest Airlines Co. v. Texas Intern. Airlines, Inc.,* 546 F.2d 84 (5th Cir. 1977).

> The principal of res judicata serves several policies important to our
> judicial system.  By declaring an end to litigation, the doctrine adds
> certainty and stability to social institutions.  This certainty in turn
> generates public respect for the courts.  By preventing relitigation of
> issues, res judicata conserves judicial time and resources.  It also
> supports several private interests, including avoidance of substantial
> litigation expenses, protection from harassment or coercion by
> lawsuit, and avoidance of conflicting rights and duties from
> inconsistent judgments.

11

Id. at 94.

In its broadest sense, the doctrine of res judicata is based on the interests of practicality and finality, "that limits ought to be imposed on litigation, and that once a cause has been fairly tried, a second suit for relief based on the same facts ought to be foreclosed." *Weiner v. Greyhound Bus Lines,* 55 A.D.2d 189, 191, 389 N.Y.S.2d 884, 886 (2nd Dept. 1976). Courts, referring to the doctrines of collateral estoppel and res judicata, have instructed that "behind the phrase res judicata lies a rule of reason and practical necessity." *Schwartz v. Public Administrator,* 24 N.Y.2d 65, 70, 246 N.E.2d 725, 728, 298 N.Y.S.2d 955, 959 (1969). It is not fair to permit a party to re-litigate an issue which he has had a fair opportunity to fully litigate the point. Id.; see also *People v. Lo Cicero,* 14 N.Y.2d 374, 380, 251 N.Y.S.2d 953, 957, 200 N.E.2d 622, 625 (1964).

The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from re-litigating in a subsequent action or proceeding an issue clearly raised in a prior action or preceding and decided against that party or in privity, whether or not the tribunals or causes of action are the same. *Ripley v. Storer,* 309 NY 506, 132 N.E.2d 87 (1956); see also Restatement, JUDGMENTS 2D, § 27; 46 Am Jur 2d, JUDGMENTS, § 415; 9 Carmody-Wait 2d, NY Prac, JUDGMENTS, § 63:205). The New York Court of Appeals has reaffirmed that collateral estoppel allows "the determination of an issue or fact of law raised in a subsequent action by reference to a previous judgment on a different cause of action in which the same issue was necessarily raised and decided." *Gramatan,* at 485, 386 N.E.2d 1328, 1331, 414 N.Y.S.2d 308, 311. What is controlling is the identity of the issue which has necessarily been decided in the prior action or proceeding.

The salient New York case on the subject of issue preclusion is *Schwartz v. Public Administrator,* 24 N.Y.2d 65, 70, 246 N.E.2d 725, 728, 298 N.Y.S.2d 955, 959 (1969), a case in

which the Court of Appeals held that there are but two necessary requirements for the invocation of the doctrine of collateral estoppel, namely,  (1)  an identity of issue which has necessarily been decided in the prior action and is decisive in the present action and  (2)  there must have been a full and fair opportunity to contest the  decision now said to be controlling.

Thus, "where a defense has been asserted, litigated and overruled in one action, the party who asserted it is collaterally estopped from relitigating the decided factual or legal issues by bringing an independent action on that claim." *Pace v. Perk,* 81 A.D.2d 444, 461, 440 N.Y.S.2d 710, 720 (2nd Dept. 1981).

Here, Plaintiff moved in Housing Court to vacate the judgment and dismiss the proceeding for want of jurisdiction.  While Housing Court granted the motion to the extent it vacated the money judgment, it did not vacaate the possession judgment not dismiss the proceeding.

Accordingly, since the Second Relief of Claim is barred by the doctrine of res judicata, it should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### III.   THE COMPLAINT SHOULD BE DISMISSED AS AGAINST DEFENDANT GAUTIER BECAUSE HE IS THE AGENT OF DISCLOSED PRINCIPAL

In this case, the Complaint expressly states "That during the closing, **Defendant Gautier represented Defendant LCC** [sic] and signed all the closing papers and issued payment to purchase Plaintiffs building." (Complaint Paragraph 8).

In other words, Defendant Gautier acted as agent for a disclosed principal.  It is well settled that agents for a disclosed principal bear no liability for the acts of its principal.  *Paganuzzi v. Primrose Management Company,* 268 A.D.2d 213, 213-214, 701 N.Y.S.2d 350, 352 (1st Dept. 2000) ("The action was properly dismissed as against the managing agent, since it always acted as

an agent for a disclosed principal," citing *Crimmins v Handler & Co.,* 249 A.D.2d 89, 91-92, 671

N.Y.S.2d 469, 471 (1ˢᵗ Dept. 1998)).

> In *Savoy Record Company, Inc. v. Cardinal Export Corp.,* 15 N.Y.2d 1, 203 N.E.2d

206, 254 N.Y.S.2d 521 (1964) the Court of Appeals held

> Any proper consideration of the question of Cardinal's responsibility under the agreement must proceed from the predicate, settled for this court in Mencher v. Weiss (306 N. Y. 1, 4), that **an agent for a disclosed principal "will not be personally bound unless there is clear and explicit evidence of the agent's intention to substitute or superadd his personal liability for, or to, that of his principal"** (See, also, Salzman Sign Co. v. Beck, 10 N Y 2d 63, 66-67.) (*Emphasis added.*)

Id. at 4, 203 N.E.2d 207, 254 N.Y.S.2d at 523.

> In *Ashkir v. Wilson,*1999 WL 710788 (SDNY Sep. 13, 1999), this Court held

> Under New York law, "an agent acting on behalf of a disclosed principal does not personally bind himself unless there is 'clear and explicit' evidence of his intent to do so." Joseph v. David M. Schwarz/Architectural Services, P.C., 957 F. Supp. 1334, 1337-38 (S.D.N.Y. 1997) (citing Salzman Sign Co. v. Beck, 10 N.Y.2d 63, 217 N.Y.S.2d 55, 57, 176 N.E.2d 74 (1961)); see also Lerner v. Amalgamated Clothing and Textile Workers Union, 938 F.2d 2, 5 (2d Cir. 1991) ("An agent who signs an agreement on behalf of a disclosed principal will not be individually bound to the terms of the agreement unless there is clear and explicit evidence of the agent's intention to substitute or superadd his personal liability for, or to, that of his principal.") (*Internal quotation omitted.*)

Id. at *9.

> More recently, this Court held in *Stokes v. Lusker,* 2009 WL 612336 (SDNY Mar.

4, 2009)

> In addition to bringing causes of action against the co-operative board, the plaintiff separately sued the board's agent, Andrews. The Court's analysis of the causes of action against the Co-Op for fraud

14

and civil conspiracy also applies to Andrews.

Furthermore, the plaintiff's causes of action against **Andrews fail because it is axiomatic that an agent (Andrews) for a disclosed principal (the co-operative board) cannot be held liable to third-parties for nonfeasance**. Pelton v. 77 Park Ave. Condo., 38 A.D.3d 1, 11, 825 N.Y.S.2d 28 (1st Dep't 2006).  "Where there is a disclosed principal-agent relationship ... the agent will not be *personally bound* unless there is clear and explicit evidence of the agent's intention to substitute or superadd his personal liability for, or to, that of his principal." Mencher v. Weiss, 306 N.Y. 1, 4, 114 N.E.2d 177 (1953). (*Emphasis added*.)

Here, the plaintiff's complaint does not allege that Andrews or the co-operative board ever intended for Andrews to be personally and separately bound for any of the actions it took on the board's behalf. Thus, the plaintiff fails to state a claim for fraud and civil conspiracy against Andrews.

Id. at *7;  see also *Canelle v. Russian Tea Room Realty LLC,* 2002 WL 287750 *3 (SDNY Feb. 27, 2002).

The complaint confirms that Defendant Gautier merely acted as an agent for Defendant BNDO (Complaint states at paragraph 8).  As such, this complaint should be dismissed as to Defendant Gautier because he is the agent of a disclosed principal.

## IV.   THE COMPLAINT SHOULD BE DISMISSED FOR IMPROPER SERVICE

### 1.   Service Was Not Properly Effectuated As Against Defendant BNDO

Service on a Limited Liability Company ("LLC") pursuant to the Fed. R. Civ. P. is to be effectuated as follows:

(h) Serving a Corporation, Partnership, or Association.  Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common

15

name, must be served:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or

(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Pursuant to CPLR §311- a service upon an LLC is effectuated by

(a) Service of process on any domestic or foreign limited liability company shall be made by delivering a copy personally to (i) any member of the limited liability company in this state, if the management of the limited liability company is vested in its members, (ii) any manager of the limited liability company in this state, if the management of the limited liability company is vested in one or more managers, (iii) to any other agent authorized by appointment to receive process, or (iv) to any other person designated by the limited liability company to receive process, in the manner provided by law for service of a summons as if such person was a defendant.  Service of process upon a limited liability company may also be made pursuant to article three of the limited liability company law.

In both instances, only a member, managing agent, or authorized agent can be served to properly effectuate service.  Here, service was attempted on Ariel Ellis, an employee of Willowick Properties, LLC (a non-party to this proceeding) (See Affidavit of Ariel Ellis).  Service on an employee of a non-party is not sufficient to effectuate proper service on an LLC.

### 2.   Service Was Not Properly
### Effectuated As Against Defendant Gautier

Fed. R. Civ. P §4 dictates how service is to be completed for the Summons and

Complaint.  It states that service on an individual is to be completed:

> (e) Serving an Individual Within a Judicial District of the United
> States.  Unless federal law provides otherwise, an individual—other
> than a minor, an incompetent person, or a person whose waiver has
> been filed—may be served in a judicial district of the United States
> by:

> (1) following state law for serving a summons in an action brought in
> courts of general jurisdiction in the state where the district court is
> located or where service is made; or

> (2) doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the
> individual personally;

> (B) leaving a copy of each at the individual's dwelling or usual place
> of abode with someone of suitable age and discretion who resides
> there; or

> (C) delivering a copy of each to an agent authorized by appointment
> or by law to receive service of process.

While the affidavit of service has not been filed as of the date of this motion, neither

section has been complied with because the summons and complaint were not served on the

defendants personally or, regarding the LLC, on someone authorized to accept service of papers (See

Affidavit of Ariel Ellis).

Since service was not properly effectuated  pursuant to Fed R. Civ. P. §4, then New

York State service rules apply.  Pursuant to CPLR §308 service can be completed on a natural person

as follows:

17

1.   by delivering the summons within the state to the person to be served; or

2.   by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served **and** by either mailing the summons to the person to be served at his or her last known residence or **by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential"** and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other; ... or

3.   by delivering the summons within the state to the agent for service of the person to be served as designated under rule 318, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law;

Pursuant to the affidavit of Ariel Ellis service can only have been made on Defendant Gautier pursuant to subdivision 2 of CPLR §308.  However,  as of the date of this motion, the mailings have never been completed.  Therefore, service was not properly effectuated on Defendant Gautier, as such, the proceeding should be dismissed as to Defendant Gautier.

Since  service was not properly effectuated on either Defendant, the proceeding should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).

## CONCLUSION

Based upon all of the foregoing, the Defendants respectfully request that the instant motion be granted and the proceeding dismissed in its entirety and that Defendants be granted such other and further relief as this court deems just and proper.

18

Dated: New York, NY
       December 24, 2018

Respectfully submitted,

GOLINO LAW GROUP, PLLC

By:_____/s/ Santo Golino_____
        Santo Golino, Esq. (6610)
        46 Trinity Place, Third Floor
        New York, New York   10006-2288
        Tel:  (212) 344-9300

        *Attorneys for Defendants Steven Gautier*
        *and 26 BNDO LLC*