# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| BADISSE DAVID MEHMET, | ) 18 CV 9090 (VSB) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STEVEN GAUTIER and 26 BNDO LLC, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S Memorandum of Law in Support of Cross-Motion to Disqualify Under Rule 3.7 and in Opposition to Motion to Dismiss

Badisse David Mehmet
Plaintiff
3525 Dechart Lane
Raleigh, NC 27616
(646) 260-3614

# TABLE OF CONTENTS

AUTHORITY .................................................................................................................. 3

PRELIMINARY STATEMENT ..................................................................................... 4

FACTS ............................................................................................................................. 4

ARGUMENT ................................................................................................................... 5

    I. AMOUNT IN CONTROVERSEY EXCEEDS $75,000 ........................................ 5

        1. Amount in Controversy Calculated at Time of Commencement ................. 6

        2. Housing Court Judgment Part of Amount in Controversy ........................... 6

        3. Exemplary Damages Part of Amount in Controversy .................................. 7

        4. Plaintiff Suffered Additional Financial Damages ......................................... 8

        5. Plaintiff's Error in Attorney Fees were due in Part to Defendants' Fraudulent Conduct ..................................................................................... 8

    II. DISQUALIFICATION OF ATTORNEY SANTO GOLINO IS WARRANTED ...... 9

        1. Advocate-Witness Rule 3.7 ........................................................................ 10

    III. PLAINTIFF'S CAUSE OF ACTION LIES IN FRAUD NOT BREACH OF CONTRACT ..... 10

        1. Defendants made False Statements and concealed facts from the Housing Court ............................................................................................ 11

        2. Defendants had an Intent to Deceive the Housing Court and the Plaintiff ... 11

        3. Third Party Reliance Doctrine holds Defendants Liable for Fraud ............. 12

        4. Plaintiff Sustained Injury due to Defendants Fraud .................................... 12

        5. Steven Gautier is a Proper Defendant who knowingly Participated in the Fraud ................................................................................................ 13

    IV. DEFENDANTS WERE PROPERLY SERVED ................................................... 14

    V. CONCLUSION ....................................................................................................... 14

## AUTHORITY

Rule 3.7(a) ............................................................................................................................. 9

28 U.S.C 1332 ...................................................................................................................... 5

St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 290–91 (1938) ................................. 6

*Williams v. Philip Morris*, 549 US 346 (2007) ............................................................................. 7

*BMW v. Gore*, 517 US 559 (1996) ............................................................................................... 7

Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006) ........................................ 8

*Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) .................................... 8

*Murray v. Metropolitan Life Insurance Co.* 583 F.3rd 173 (2nd Cir. 2009) ................................ 10

*Buxton Mfg. Co. v. Valiant Moving & Storage, Inc.*, 239 A.D.2d 452, 453–54, 657 N.Y.S.2d 450 .(2d Dep't 1997) ............................................................................... 12

*Chevron Corp. v. Donziger*, 871 F.Supp.2d 229, 256 (S.D.N.Y.2012) ....................................... 12

*Ruffing v. Union Carbide Corp.*, 308 A.D.2d 526, 528, 764 N.Y.S.2d 462 (2d Dep't 2003) ......... 12

*Buxton*, 239 A.D.2d at 453–54, 657 N.Y.S.2d 450 ..................................................................... 12

*Desser v. Schatz*, 182 A.D.2d 478, 479–80, 581 N.Y.S.2d 796 (1st Dep't 1992) ....................... 12

North Shore Architectural Stone, Inc. v American Artisan Constr., Inc. 2017 NY Slip Op 06655 ............................................................................................................. 13

*Greenway Plaza Off. Park-1 v Metro Constr. Servs.*, 4 AD3d 328, 329 ..................................... 13

*PDK Labs, Inc. v G.M.G. Trans. W. Corp.*, 101 AD3d 970, 973 .................................................. 13

*Rajeev Sindhwani, M.D., PLLC v Coe Bus. Serv., Inc.*, 52 AD3d 674, 677 ................................. 13

*American Express Travel Related Servs. Co. v North Atl. Resources*, 261 AD2d 310, 311 ........... 13

## PRELIMINARY STATEMENT

The Defendants make multiple ridiculous arguments in their Memo of Law attempting to create the illusion that they did nothing wrong and committed no fraud when they casually state they merely served the Housing court Petition on the Plaintiff pursuant to law at 26 Bond Street. However, they don't disclose to this Court why the Supreme court dismissed their complaint against the Plaintiff and why the Housing Court vacated their default Judgment. They don't admit it was because of their intentional and malicious fraud.

The Defendants also don't disclose to this court how they knew the Plaintiff did NOT reside at 26 Bond street for years where they served him with the Rent Demand Notice and Housing Court Petition. The Defendants don't disclose to this court how they filed documents in the Housing court that falsely informed that court that the Plaintiff was served with the rent demand notice and Petition. And they also filed a false affidavit of service under oath with that Court. The Defendants also don't disclose to this court how they stood in front of a Housing Court Judge, presented the false documents to the Judge and then stood silent as the Judge was fooled into issuing a fraudulent default judgment against the Plaintiff.

Now the Defendants come into this Court acting as innocent victims when the facts prove them to be wolves in sheep clothing. Their conduct was disgusting, outrageous and unethical. It shocks the mind how they go on as if they have done nothing wrong and business as usual when two Judges ruled otherwise which supports a claim of fraud against them.

## FACTS

On March 21, 2016, the Plaintiff sold his building located at 26 Bond Street, NY, NY to Defendant 26 Bndo, LLC.

On June 14, 2017, 26 Bndo obtained a default judgment against the Plaintiff in the amount of $24,570 for owed rent by the sub-tenants without the Plaintiff's knowledge. The Defendant was able

4

to obtain that default Judgment because it filed a rent demand notice, Petition and affidavit of service with the Housing Court that FALSELY informed that Court that the Plaintiff resided in Loft No. 4 at 26 Bond Street when the Defendants KNEW that the Plaintiff had not resided in Loft No.4 or within 26 Bond Street for years and that he was residing in New Jersey.

In short, the Defendants defrauded the Housing Court with false documents to maintain the action against the Plaintiff and to obtain the default Judgment. On October 11, 2018, under an Order to Show Cause and with great disdain for the Defendants' conduct, the Housing Court Judge vacated the default Judgment.

In and around January 2017, 26 Bndo LLC had filed another lawsuit against the Plaintiff requesting costs and attorney fees in reference to the Housing Court action. This time, the Defendants were NOT able to fool the Supreme Court Judge. The Supreme Court Judge JUDICIALLY ESTOPPED the Defendants from denying they released the Plaintiff from the Over-Lease and Sub-Lease. The Judge ruled that the Defendants admitted in Par. 13 of the Complaint that the sub-tenants attorned to 26 Bndo LLC as their new landlord and began paying rent directly to 26 Bndo, LLC.

THEREFORE, under the Defendants' own admission within Par. 13 of their Supreme Court Complaint, they had NO legal right to file the Housing Court action against the Plaintiff BUT only did so by filing false documents with the Housing Court. In other words, the Defendants committed an intentional fraud upon the Plaintiff and the Court to obtain a default Judgment against the Plaintiff which caused him additional financial harm and hardship in defending against the fraudulent default judgment from out of State.

# ARGUMENT

### I. AMOUNT IN CONTROVERSEY EXCEEDS $75,000

Pursuant to 28 U.S.C 1332, the minimum monetary value of a claim that must be met in this court to have jurisdiction over the claim must EXCEED $75,000. The amount in controversy in this case has met that requirement as described below.

## 1. Amount in Controversy
## Calculated at Time of Commencement

Contrary to the Defendants' belief that the amount in controversy is calculated at the time service of the Summons and Complaint is completed, the amount in controversy is calculated at the time the action is commenced.

Pursuant to Rule 3 of the Federal Rules of Civil Procedure, an action is commenced when a Complaint is filed with the Court. In this case, this action was commenced on October 2, 2018 when the Complaint was filed with the Court.

## 2. Housing Court Judgment
## Part of Amount in Controversy

The destruction of an amount used to calculate the amount in controversy **AFTER** the commencement of the action has NO bearing on the established jurisdiction. Here, the Housing Court vacated the $24,570.00 Judgment on October 11, 2018 which was AFTER jurisdiction was established within this Court.

A wish, hope or desire that the Housing Court Order to Show Cause would be granted on a future date also had NO bearing on the established jurisdiction within this court. **THEREFORE**, the Housing Court Judgment is to be used to calculate the amount in controversy since it existed on October 2, 2018 when this action was commenced. "*Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.... "[t]he inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction.*" St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 290–91 (1938)

## 3. Exemplary Damages Part
## of Amount in Controversy

This is clearly an out of the ordinary case where the fraud was so blatant, clear and outrageous and also committed against the Court. Although the Defendants were caught perpetrating the fraud on the Plaintiff and the Housing Court which was clearly brought to their attention, they NOT only refused to voluntarily vacate the fraudulent default Judgment but they submitted opposition papers to the Housing Court trying to cover up their fraud. They also requested that the Plaintiff pay the Defendants $35,000 to settle the fraudulent claims. The Housing Court Judge was so disgusted at the fraudulent conduct of the Defendants that she spent the entire time at the October 11, 2018 hearing scolding the Defendants attorney by first asking the attorney *"**HOW DID YOU GET THIS JUDGEMENT!**"* Mr. Marinos threw his hands in the air and said *"**WE JUST SHOWED UP IN COURT AND THE RESPONDENT DIDN'T**"*. She then started yelling at Mr. Marinos by stating *"**YOU ARE AN OFFICER OF THE COURT. DID YOU NOT THINK TO INFORM THE COURT THAT THEY WERE NOT SERVED WITH THE PETITION!**"*. And without reviewing the opposition papers, the Judge vacated the fraudulent default Judgment.

The Defendants' egregious and aggravated fraudulent conduct warrants Exemplary damages. Especially when they involved a Court of law in their fraud. The amount of the Exemplary damage award is also to be determined by the wealth of the Defendants. It is to be at an amount that would serve to punish and deter future bad conduct of the Defendants and others. It is too early to determine if $1 or $250,000 is an appropriate amount to serve as punishment and a deterrent until discovery uncovers the Defendants true wealth.

NEVERTHELESS, in the U.S. Supreme Court case *Williams v. Philip Morris, 549 US 346 (2007)* the Court allowed a 100:1 ratio for Exemplary damages. And under the Supreme Court's decision of *BMW v. Gore*, 517 US 559 (1996), Exemplary damages must be reasonably related to the harm done to the plaintiff, but larger Exemplary damage awards may be appropriate if the defendant displayed

reprehensible conduct. An Intentional fraud that is also perpetrated on a Court of law constitutes reprehensible conduct calling for larger Exemplary damages.

THEREFORE, it is reasonably calculated that a possible final Judgment may contain an Exemplary damage award that would exceed the statutory amount of $75,000.

> **"A proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence. Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. Only if it is "legally certain"that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed. Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006)"**

## 4. Plaintiff Suffered Additional Financial Damages

Plaintiff suffered additional damages when he had to purchase an airline ticket for $520 to fly from North Carolina to New York to defend against the Defendants' fraudulent conduct against him. He also paid $508 for the hotel and $130 for transportation.

The Plaintiff's expenses are to be considered when calculating the amount in controversy.

*Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018).

## 5. Plaintiff's Error in Attorney Fees Were due in Part to Defendants' Fraudulent Conduct

The Plaintiff made an error in the attorney fees awarded to Defendant 26 Bndo LLC in part due to the Defendants' fraudulent conduct when they intentionally failed to serve him with the Housing Court Default Judgment. And during a phone call with Mr. Louis Marinos of the Law Office of Golino Law Group, PLLC, the Plaintiff recalled Mr. Marinos stating that there was a judgment against him in the amount of $50,000 when Mr Marinos asked the Plaintiff for a $35,000 settlement

payment. It appears to have been a miscommunication. However, the Plaintiff took that amount Mr. Marinos gave him and mistakenly concluded that the Default Judgment contained attorney fees. Especially since the OVER-LEASE allowed for attorney fees and his firm obtained a default judgment based on that over-lease.

But for the failure to be served with the default judgment and due to Mr. Marino's settlement offer of $35,000, the Plaintiff made an error as to attorney fees awarded in the Default Judgment.

The Defendants have suffered NO prejudice from this error nor have they established any prejudice. Especially since the amount in controversy can be met without the attorney fees.

## II. DISQUALIFICATION OF ATTORNEY SANTO GOLINO IS WARRANTED

"Rule 3.7(a), which generally prohibits a lawyer from serving simultaneously as both advocate and witness in the same matter before a tribunal, preserves much of former DR 5-102(A) and (C), but Rule 3.7(a) simplifies the rule and adds a few small twists. Rule 3.7(a) provides as follows:

(a) A lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact unless:

(1) the testimony relates solely to an uncontested issue;

(2) the testimony relates solely to the nature and value of legal services rendered in the matter;

(3) disqualification of the lawyer would work substantial hardship on the client;

(4) the testimony will relate solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; or

(5) the testimony is authorized by the tribunal."

### 1. ADVOCATE-WITNESS RULE 3.7

On January 18, 2017, Defendants attorney **Santo Golino** prepared, signed, served and thereafter filed a fraudulent **RENT DEMAND NOTICE** within the New York Housing Court for the purpose of defrauding the Plaintiff and that Court. THUS, the attorney will be called to testify against the Defendants as to whether Steven Gautier provided him with false information for the purpose of obtaining the attorney's assistance in defrauding the Plaintiff and the Housing Court.

Without disqualification, the following risk exist: (1) the lawyer might appear to vouch for his own credibility, (2) the lawyer's testimony might place opposing counsel in a difficult position when he has to cross examine his lawyer-adversary and attempt to impeach his credibility, (3) the testifying attorney may distort the truth as a result of bias in favor of his client, and (4) when an individual assumes the role of advocate and witness both, the line between argument and evidence maybe blurred.

THEREFORE, based on the ABA Advocate-Witness rule 3.7 disqualification of attorney **Santo Golino** and disqualification of other attorneys within that firm is warranted. See *Murray v. Metropolitan Life Insurance Co.* 583 F.3rd 173 (2nd Cir. 2009).

### III. PLAINTIFF'S CAUSE OF ACTION LIES IN FRAUD NOT BREACH OF CONTRACT

Contrary to the Defendants claims that this matter rests on contracts, the claims rest on an intentional tort of fraud outside of any contract. **The Defendants defrauded the Housing Court, a third party, by concealment and misrepresentations which harmed the Plaintiff by the issuance of a fraudulent default Judgment that the Plaintiff had to defend against. The Housing Court had NO privity of contract with the Defendants**. And the filings of the false rent demand notice, Petition, affidavit of service and the fraudulent obtaining of the Default Judgment on those documents is outside any contract.

## 1. Defendants made False Statements
## and concealed facts from the Housing Court

The Defendants did file a false rent demand notice, Petition and affidavit of service with the Housing court for the purpose of fooling that Court into believing that the Plaintiff was served at 26 Bond street when the Defendants knew the plaintiff did not reside in that building for years. The Defendants then stood before a Housing Court Judge and intentionally and maliciously concealed the improper service for the purpose of having the Judge issue a default judgment against the Plaintiff.

Furthermore, the Defendants intentionally and maliciously concealed from the Housing Court Judge that the Plaintiff was NOT liable under any Over-Lease or Sub-Lease as claimed in the Petition. In fact, after the Defendants received the Default Judgment, they admitted to the Supreme Court that the Plaintiff was NOT liable under any Over-Lease or Sublease when in Par. 13 of their Complaint, the Defendants stated *"**the sub-tenants attorned to Plaintiff (26 Bndo LLC) as their new landlord and continued to pay rent directly to plaintiff through the remainder of their respective tenancies at the subject apartment**"*. The Supreme Court JUDICIALLY ESTOPPED the Defendants from denying they released the Plaintiff.

## 2. Defendants had an Intent to
## Deceive the Housing Court and the Plaintiff

The Defendants had an intent to deceive the Housing Court and the Plaintiff. Not once did the Defendants inform the Housing Court Judge that the Plaintiff was NEVER served with the rent demand notice or the Petition. The Defendants had total disrespect, disregard and no shame when they stood in front of that Housing Court Judge knowing that they were concealing a material fact from that Judge that would have prevented that Judge from signing the default Judgment. They then accepted that fraudulent Default Judgment and used it to demand the Plaintiff pay them $35,000 to settle the matter.

11

### 3. Third Party Reliance Doctrine
### holds Defendants Liable for Fraud

The Housing Court reasonably relied on the Defendants false rent demand notice, Petition and affidavit of service because they were prepared, signed and filed in Court by the Defendants' attorney. And upon such third-party reliance, the Housing Court wrongly issued a default judgment against the Plaintiff that caused the Plaintiff financial damages and hardship in defending against the fraudulent default judgment from out of State.

> *"The doctrine of third-party reliance permits the plaintiff to show that a third-party relied upon a misrepresentation by the defendant, which resulted in injury to the plaintiff."Buxton Mfg. Co. v. Valiant Moving & Storage, Inc., 239 A.D.2d 452, 453–54, 657 N.Y.S.2d 450 (2d Dep't 1997).* "The New York Court of Appeals has held not once, but three times, that a claim for common law fraud may rest on third-party reliance." *Chevron Corp. v. Donziger,* 871 F.Supp.2d 229, 256 (S.D.N.Y.2012). *Ruffing v. Union Carbide Corp.,* 308 A.D.2d 526, 528, 764 N.Y.S.2d 462 (2d Dep't 2003) ("[F]raud may exist where a false representation is made to a third party, resulting in injury to the plaintiff."); *Buxton,* 239 A.D.2d at 453–54, 657 N.Y.S.2d 450;*Desser v. Schatz,* 182 A.D.2d 478, 479–80, 581 N.Y.S.2d 796 (1st Dep't 1992) ("[I]t is of no moment ... that the false representation was not made directly to plaintiff.")

### 4. Plaintiff Sustained Injury
### due to Defendants' Fraud

The Plaintiff did suffer additional damages and hardship defending against the Defendants' fraud. He not only had to expend funds to travel to New York from North Carolina BUT he did it under the strain and pain of a severe hip arthritis that causes him to walk with a limp. The Defendant Steven Gautier was well aware of the plaintiff's medical condition BUT maliciously refused to vacate the fraudulent Default Judgment after multiple requests forcing the Plaintiff to travel to New York to appear in the Housing Court. Defendant went further by demanding the Plaintiff pay him $35,000 to settle the fraudulent Housing Court Default Judgment and Supreme Court case.

## 5. Steven Gautier is a Proper Defendant who knowingly Participated in the Fraud

In sub-section III of the Defendants' Memo of Law, Defendants MISTAKENLY argue that Defendant Gautier acted "*as an agent for a disclosed principal*" and he should NOT be held liable for his fraud.

The Defendants are overlooking the intentional tort committed by Defendant Gautier. Defendant Gautier as a principal officer of 26 Bndo LLC intentionally **PARTICIPATED** in the fraud. He is the person who instructed his attorneys to file the false documents in the Housing Court to obtain the fraudulent Default Judgment. He also falsely represented that the Plaintiff was residing in 26 Bond Street when he knew the Plaintiff did NOT reside at that location for years. He was the one who demanded a $35,000 settlement from the Plaintiff when he knew he had obtained the Default Judgment by fraud.

THEREFORE, Defendant Gautier can be held liable individually for fraud. **North Shore Architectural Stone, Inc. v American Artisan Constr., Inc.** 2017 NY Slip Op 06655

> "A director or officer of a corporation does not incur personal liability for its torts merely by reason of his [or her] official character" (*Greenway Plaza Off. Park-1 v Metro Constr. Servs.,* 4 AD3d 328, 329 [internal quotation marks omitted]), and thus, cannot be liable for torts "attributable to the corporation if he [or she] did not participate in and was not connected with the acts in any manner" (*PDK Labs, Inc. v G.M.G. Trans. W. Corp.,* 101 AD3d 970, 973 [internal quotation marks omitted]). However, "[a] corporate officer who participates in the commission of a tort may be held individually liable, regardless of whether the officer acted on behalf of the corporation in the course of official duties and regardless of whether the corporate veil is pierced'" (*Rajeev Sindhwani, M.D., PLLC v Coe Bus. Serv., Inc.,* 52 AD3d 674, 677, quoting *American Express Travel Related Servs. Co. v North Atl. Resources,* 261 AD2d 310, 311)."

## V. DEFENDANTS WERE PROPERLY SERVED

The Defendants were properly served. Furthermore, since the time to serve had not expired, a second service was performed upon Defendant Gautier on video at his place of business in New york. Defendant 26 Bndo LLC was also reserved via its registered agent in Texas. ***See copies of filed affidavits of service attached to Plaintiff's affidavit as Exh. G.***

## CONCLUSION

Based on the forgoing, the Defendants arguments are meritless and Disqualification of the advocate witness **Santo Golino** and denial of the Motion to Dismiss is warranted.

Dated: Raleigh, NC
February 1, 2019

Respectfully Submitted,

/s/ M D. Mehmet

Badisse David Mehmet
Plaintiff
3525 Dechart Lane
Raleigh, NC 27616
(646) 260-3614



RECEIVED
SDNY PRO SE OFFICE
2019 FEB -4 AM 11:42
S.D. OF N.Y.

UPS NEXT DAY AIR
TRACKING #: 1Z 0ER 296 01 1767 5342

SHIP TO:
US DISTRICT COURT SOUTHERN DISTRICT
PRO SE INTAKE UNIT
RM 200
500 PEARL ST
NEW YORK NY 10007-1316

NY 102 9-10