UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BADISSE DAVID MEHMET | : | CASE NO.: 18-CV-9090 (VSB) |
| | : | |
| Plaintiff, | : | |
| | : | |
| – v – | : | REPLY AFFIRMATION IN |
| | : | SUPPORT OF DEFENDANTS' |
| | : | MOTION AND IN OPPOSITION |
| STEVEN GAUTIER and 26 BNDO LLC | : | TO PLAINTIFF'S MOTION |
| | : | |
| Defendant. | : | |
| | : | |

**SANTO GOLINO**, an attorney duly admitted to practice law in the Southern District of New York, affirms under the penalties of perjury as follows:

1.  I am the managing member of the Golino Law Group, PLLC, the attorneys for the Defendants herein.  As such I am fully familiar with the facts and circumstances set forth herein.

2.  I offer this affirmation in reply to Plaintiff's opposition to Defendants' pre-answer motion pursuant to Federal Rules of Civil Procedure (hereinafter '*Fed. R. Civ. P.*') 12(b)(1), (5), (6) and (7) to dismiss the Complaint on the grounds that (i) this Honorable Court lacks subject-matter jurisdiction, (ii) the Complaint fails to state a claim for which relief can be granted, (iii) Res Judicata and Collateral Estoppel and (iv) service of process on Defendants was not proper.

3.  This affirmation is also offered in opposition to Plaintiff's cross-motion to disqualify this firm from acting as counsel to Defendants.

<u>**DEFENDANT'S MOTION TO DISMISS**</u>

4.  The undisputed facts are that: (i) on October 2, 2018, Plaintiff filed the underlying complaint; (ii) on October 11, 2018 the Housing Court vacated only the money judgment; (iii) according to Plaintiff an attempt at service of the complaint was first made seven (7) weeks *after*

the Housing Court judgment was vacated; (iv) the Defendants' motion to dismiss was filed on December 26, 2018 (Docs. 6-11); (v) thereafter, according to Plaintiff, a second attempt at service of the complaint on Defendant Gautier was made on December 29, 2018 and a second attempt at service of the complaint on Defendant 26 BNDO LLC (hereafter "Defendant BNDO") was made on January 2, 2019, both attempts being 11 and 12 weeks, respectively, after the Housing Court money judgment was vacated; (vi) by order dated Jan. 2, 2019 (Doc. 12) this Court *sua sponte* issued an Order, *inter alia*, inviting Plaintiff to amend the complaint; and (vii) Plaintiff did not file an amended complaint.

5. The First Claim for Relief in the Complaint before this Court alleges that Defendants "caused the [Housing Court] to issue a money judgment against the Plaintiff in the amount of $24,570.00 including attorneys fees of $25,000.00", for a total of $49,570.00.

6. The Second Claim for Relief in the Complaint before this Court alleges the same damages of $49,570.00.

7. All claims for relief in the Complaint are based on the vacated Housing Court money judgment and the false assertion that an attorneys fees judgment was also entered in Housing Court.  Plaintiff admits that the money judgment for $24,570.00 for rent has been vacated and the alleged attorneys fees judgement of $25,000.00 never existed.  Additionally, since the First and Second Claims for Relief fail to state a cause of action and, Plaintiff's request for exemplary damages cannot stand alone, the complaint should be dismissed (see memorandum of law).

8. Therefore, the Court lacks the subject matter jurisdiction over this proceeding because the Plaintiff has failed to meet the monetary threshold requirement required by law (See

memorandum of law).[1]

9. The entire basis of the Complaint before the Court is that at the closing of the sale of the Subject Premises for over $10 Million dollars, Plaintiff and Defendant (without the assistance or knowledge of their counsel who were present at the time) allegedly executed a release of claims against each other each and that Defendants breached that agreement by commencing the Housing Court proceeding (See Doc. 1, Complaint paras 9, 10, 11, 12, 15 - 18).

10. No matter how Plaintiff tries to spin his claims, the claims for relief are all based on the claim that there exists this alleged contract and the breach thereof by commencing an action in Housing Court.  Since the cause of action for "fraud" cannot lie when it is based on a breach of contract, the Complaint fails to state a cause of action (see memorandum of law).

11. Since the damages alleged in the Complaint do not exist and since the causes of action for fraud and negligence fail to state a cause of action, and since the claim for exemplary damages cannot survive alone (see memorandum of law), the proceeding must be dismissed because the Court lacks subject matter jurisdiction over this proceeding and because the Plaintiff has not alleged a claim for which relief can be granted (ee memorandum of law).

## CROSS MOTION TO DISQUALIFY

12. The courts require "strict scrutiny" of such motions, so as to avoid "opportunistic abuse" (see memorandum of law).   Since this is not the first time that Plaintiff has made a motion to disqualify an attorney, s*ee,* Badisse David Mehmet v Valerie Thompson, 05-CV-07739

---

[1]Despite Plaintiff's claims, service of the rent demand and the Housing Court Petition was made entirely in accordance with New York Real Property Actions and Proceedings Law ("RPAPL") §735.

(LMM)(Docs 32-35 therein)[2], an action Plaintiff apparently commenced against his sister, strict scrutiny must be applied.

13. Plaintiff fails to allege any facts or authority to support his proposition that Defendant's counsel should be disqualified and instead seeks to invade the attorney-client relationship. Accordingly, the motion should be denied (see memorandum of law).

14. First, it is undeniable that I and my firm, did not participate, or were involved in, the closing of the sale of 26 Bond Street, New York, NY. Prior to the commencement of the Housing Court non-payment case, I had no personal knowledge of 26 Bond Street or Mr. Mehmet's former involvement in the building.

15. The only information provided to my office to commence the non-payment case was the Plaintiff's lease (Copy annexed as Exhibit "A") and the sublease and renewals between Plaintiff and his sub-tenants (Copies annexed as Exhibit "B"). These documents only indicated 26 Bond Street as Plaintiff's address.

16. In fact, the sublease expressly states that Plaintiff's "address for notices" is 26 Bond Street, Apt. 4, New York, NY 10012 (Exhibit "B", p. 1, and Rider to sublease, para. 19 with respect to his wife). Since generally an over-tenant remains liable for the rent even where there is a sublet, and since Plaintiff's lease (Exhibit "A") expressly provides

> If You fail to pay your rent Owner may collect rent from subtenant or occupant without releasing You from the Lease. Owner will credit the amount collected against the rent due from You. **However, Owner's acceptance of such rent does not change the status of the subtenant or occupant to that of a direct tenant of Owner and does not release You from this Lease.**

(Exhibit "A", para. 15[a]), the action for possession based on the failure to pay past due rent was

---

[2] Copies of these documents are not accessible through the Pacer website and, therefore, it is unknown the basis of Mr. Mehmet's motion to disqualify in that case.

commenced against Plaintiff as well as his subtenants.

17. Neither I nor anyone in the firm ever heard of any so called "release" agreement, until after the State Supreme Court action was commenced, which was almost a year after the non-payment case was commenced,

18. Therefore, there is simply nothing relevant that I nor anyone in my firm are needed to testify about. Plaintiff's cross motion fails to state any facts necessary to support such a motion or otherwise reach the "high bar" set by the courts in determining an motion to disqualify an attorney (see memorandum of law).

**WHEREFORE**, based on the foregoing it is respectfully submitted that the Defendants motion to dismiss be granted in its entirety and Plaintiff's cross-motion be dismissed in its entirety, along with what other relief this Court deems is just and fair.

Dated: New York, New York
       March 18, 2019

                                                       /s/ Santo Golino
                                                       SANTO GOLINO (6610)